IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00368-BNB

PAUL CHAYNE WILLIAMS,

    Applicant,

v.

MARK BROADDUS, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Applicant Paul Chayne Williams is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Correctional Center in Golden, Colorado. Mr. Williams initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 97-CR-2838 in the El Paso County District Court of Colorado. In an order entered on April 21, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed a Pre-Answer Response. Mr. Williams filed a Reply on June 13, 2008.

The Court must construe liberally the Application and other pleadings filed by Mr. Williams because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period under § 2244(d).

On June 17, 1999, following a jury trial, Mr. Williams was found guilty of one count of equity skimming and three counts of theft. (Answer, App. A (State Register of Actions (Register)).) He was sentenced to twelve years of incarceration on August 14, 2000. (Answer, App. A (Register).) On October 2, 2000, Applicant filed a direct appeal. (Answer, App. A (Register).) The conviction and sentence were affirmed on March 14, 2002, (Answer, App. D), Applicant's petition for rehearing was denied on May 16, 2002, (Answer, App. F), and the mandate was entered on July 3, 2002, (Answer, App. G). Applicant did not appeal the Colorado Court of Appeals' decision to the Colorado Supreme Court.

Mr. Williams also filed a Colo. R. Crim P. 35(b) postconviction motion on November 17, 2000, after he filed a notice of direct appeal on November 14, 2000. (Answer, App. A (Register).) On June 29, 2005, Mr. Williams filed a Colo. R. Crim. P. 35(c) postconviction motion. (Answer, App. A (Register).) The trial court denied the motion without a hearing on July 1, 2005. (Answer, App. A (Register).) Applicant appealed the Rule 35(c) motion on July 27, 2005, and the Colorado Court of Appeals affirmed the trial court's decision on June 7, 2007, and denied a petition for rehearing

2

on August 16, 2007. (Application at Attachs. 1 and 1A.) The Colorado Supreme Court denied a certiorari review of the Rule 35(c) motion on December 17, 2007. (Application at Attach. 2.) Applicant further contends that he filed a petition for rehearing with the Colorado Supreme Court that was denied on January 3, 2008. (Application at Attach. 4.) Based on the following analysis this Court finds the instant action is time-barred.

In the Application, Mr. Williams identifies five claims. After review of the claims, the Court finds that the allegations set forth under each identified claim are repetitive and verbose. At most, Mr. Williams asserts three claims, including: (1) that State of Colorado District Judge Theresa M. Cisneros conducted an unconstitutional search in his criminal proceeding when she reviewed thirty-eight boxes of evidence that had been taken from his home and which included attorney/client privileged documents; (2) that his trial attorney was aware of Judge Cisneros' unconstitutional search but failed to file a motion in opposition to her actions; and (3) that Judge Cisneros gave inadmissible evidence to the prosecution that she had obtained from the boxes.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although Mr. Williams did not petition for certiorari review in his direct appeal, he did file a petition for rehearing that was denied on May 16, 2002. Mr. Williams then had thirty days from the date his petition for rehearing was denied to petition for certiorari review. *See* Colo. R. App. P. 52(b)(3). Mr. Williams' conviction became final on June 17, 2002, when the time expired for filing a certiorari petition. *See* Colo. R. App. P. 26(a). Mr. Williams does not allege that unconstitutional state action prevented him from filing the instant action sooner, and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Mr. Williams does assert, however, he did not know that Judge Cisneros looked through the thirty-eight boxes of evidence until May 5, 2005. (Application at Attach.

4

3A.) Applicant also states in the Application that the claims he raises were intentionally concealed from him and were unknown to him at the time of his direct appeal. (Application at 3.)

Based on evidence provided by Respondents, Mr. Williams was aware prior to May 5, 2005, that Judge Cisneros reviewed the evidence in the boxes. Respondents attached to their Pre-Answer Response a copy of the opening brief Mr. Williams filed in Colorado Court of Appeals Case No. 05-CA-1714. (Answer, App. H (Applicant's Opening Brief (Brief) at App. 4).) Appendix Four includes a copy of part of a transcript of a December 21, 2000, motion hearing in one of Mr. Williams' other state criminal proceedings. In the transcript, Judge Cisneros states quite clearly that she went through the boxes of evidence and removed attorney/client privileged documents. (Answer, App. H (Brief at App. 4).) It is not clear, however, from the transcript if Mr. Williams was present at the hearing. Nonetheless, on June 4, 2003, Mr. Williams sent a letter to his trial attorney in which he refers to the alleged unconstitutional search by Judge Cisneros. (Answer, App. H (Brief at App. 2).) Mr. Williams, therefore, had knowledge of the factual predicate of his claims no later than June 4, 2003, if not sooner.

Respondents also argue that Mr. Williams' Rule 35(b) postconviction motion did not toll the limitations period because he had filed his notice of appeal before filing the Rule 35(b) motion. (Answer at 3.) Relying on state case law, Respondents contend that jurisdiction passed to the Colorado Court of Appeals by virtue of the filing of the notice of appeal, and because the trial court lacked jurisdiction the motion was not properly filed. (Answer at 7-8.)

5

In the Reply, Mr. Williams claims that his Rule 35(b) postconviction motion was timely filed on November 17, 2000, because he filed it within 120 days from the date he was sentenced. (Reply at 3.) He also asserts that the motion was held in abeyance by the trial court pending the outcome of the direct appeal that he filed on November 14, 2000. (Reply at 3.) Mr. Williams further asserts that he timely filed his Rule 35(c) postconviction motion on June 29, 2005, in which the petition for certiorari was denied on December 17, 2007, and that under § 2244(d) the time limitation did not begin to run until April 8, 2008, when his Rule 35(b) motion was denied. (Application at 4.)

In relevant part, Rule 35(b) reads as follows:

> (b) Reduction of Sentence. The Court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. . . .

The Colorado Supreme Court has interpreted Rule 35(b) to mean that a postconviction motion may be filed within 120 days after the sentence is imposed unless an appeal has been filed. *People v. District Court In and For Second Judicial Dist.*, 638 P.2d 65, 67 (Colo. 1981). Further, a defendant's Rule 35(b) motion may not be heard by the district court once an appeal is filed until after the terms in subparts two or three of Rule 35(b) have been satisfied. *Id.*

The state district court did not rule on Mr. Williams' Rule 35(b) postconviction motion until April 8, 2008, after he filed a letter on April 2, 2008, requesting that the district court rule on the motion. (Answer, App. A (Register, June 17, 2008, Supp.).)

6

There is no entry in the State Register of Actions, (Answer, App. A), that the state district court ordered Mr. Williams' Rule 35(b) postconviction motion to be held in abeyance. Furthermore, Mr. Williams provides no documentation that such an order was entered by the court. Nonetheless, in accordance with Colorado case law, the state district court lacked jurisdiction to even consider whether Mr. Williams' Rule 35(b) motion should be held in abeyance.

Even if the Rule 35(b) is considered properly filed on November 17, 2000, and it is determined that the trial court had jurisdiction to hold the motion in abeyance, Mr. Williams failed to take reasonable efforts to secure an expeditious ruling on the motion. Mr. Williams' conviction was affirmed on direct appeal on March 14, 2002, and was final on June 17, 2002. He failed to pursue his Rule 35(b) motion after the court of appeals affirmed the conviction. (Answer, App. A (Register).) Not until April 2008, eight years after his conviction, did he request a ruling on his Rule 35(b) motion.

Mr. Williams asserts in his Reply that the trial court did not consider the motion abandoned and that it properly was pending during the entire eight years. The Court finds, however, that Applicant abandoned his motion as a matter of law. *See Mamula v. People*, 847 P.2d 1135, 1137 (Colo. 1993) (burden is on a defendant to pursue a Rule 35(b) motion if the court does not rule within a reasonable time and in the absence of a reasonable effort by a defendant to obtain expeditious ruling the motion is deemed abandoned). Mr. Williams' eight-year delay in pursuing his Rule 35(b) motion is not reasonable. He also may not use either an improperly filed postconviction motion or an abandoned postconviction motion for the purpose of tolling the time under 28 U.S.C. § 2244(d).

*See id.* at 1137 (no period of time is reasonable when the purpose is contrary to the interests served by the rule).

Based on the above findings, from June 5, 2003, the day after the date the Court has determined that Mr. Williams knew of the factual predicates for his claims, until June 28, 2005, the day prior to when he filed his Rule 35(c) postconviction motion, he did not have a postconviction motion or collateral proceeding pending in state court, and the action is time-barred under § 2244(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Williams bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Williams fails to allege any facts that might justify equitable tolling of the one-year limitation period. He asserts in the Reply that he used due diligence to discover who conducted the search of the boxes of evidence but was "stonewalled" from obtaining the information he needed from the state district court. (Reply at 26.) Upon

review of the attachments to both the Application and to the Reply, the Court finds that Mr. Williams was more than able to obtain the court records that he alleges he needed to pursue his claims. Mr. Williams represented himself at trial and had in his possession notebooks regarding his criminal proceeding that were given to him by his previous defense attorney. (Reply at Ex. 7.) His defense attorney also, on June 25, 2002, gave Mr. Williams copies of everything he had in his files. (Reply at Ex.7.) In the State Register of Action, on August 28, 2002, an entry was made indicating that Mr. Williams was sent copies of exhibits used at his preliminary hearing and at his trial. (Answer, App. A (Register).)

The Court finds that Mr. Williams was able to obtain information from both the state district court and his defense attorney. He was not stonewalled to the extent that he was not able to pursue his claims within a year after June 4, 2003, the date the Court has determined that Mr. Williams knew of the factual predicates of his claims. He fails to demonstrate extraordinary situations beyond his control that made it impossible for him to file the instant Application on time. He also fails to assert due diligence in pursuing his claims. Equitable tolling is inappropriate, and the instant action is barred by the one-year limitation period.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Williams has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 3 day of July, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00368-BNB

Paul C. Williams
Prisoner No. 48147
Colorado Correctional Center
PO Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on July 7, 08

                                  GREGORY C. LANGHAM, CLERK

                            By: _____
                                      Deputy Clerk